# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50243 | **DATE** | 12/9/2010 |
| **CASE TITLE** | Peter Francis Leggero, III (R-72997) v. Superintendent Andrea Tact, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's amended complaint [7] is dismissed. *See* 28 U.S.C. § 1915A. The dismissal of the amended complaint counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). This case is closed.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff Peter Francis Leggero, III, a Vienna Correctional Center inmate, filed this 42 U.S.C. § 1983 action against Winnebago Sheriff Richard Meyers, Superintendent Andrea Tact, and an unknown medical supervisor concerning an incident that occurred at the Winnebago County Jail in May 2010. The court's 10/20/10 order questioned whether Plaintiff asserted valid claims and allowed him to submit an amended complaint, which Plaintiff has done. Review of the amended complaint under 28 U.S.C. § 1915A makes clear that Plaintiff cannot state a claim upon which this court can grant relief.

     Plaintiff alleges the following. On May 14, 2010, he slipped while getting out of his top bunk and fell head first into the cell's toilet. He sustained a large gash to his head and bled for some time after the fall. Plaintiff states that he was bandaged, taken to the medical unit, placed on "head awareness," and observed for a weekend. A medical staff person checked on him once a day but refused to do any tests for a concussion or internal bleeding. When Plaintiff returned to general population, he was again given an upper bunk. Plaintiff names Sheriff Richard Meyers and Superintendent Andrea Tact for allowing a dangerous condition to exist by not providing safe means for inmates to get in and out of upper bunks. Plaintiff also seeks to sue the medical supervisor, whose name he does not know, for the allegedly inadequate medical treatment he received. As explained below, Plaintiff's allegations fail to state valid § 1983 claims.

     To state a constitutional claim with respect to the lack of a ladder or similar means for upper-bunk inmates, Plaintiff's allegations must indicate that he was incarcerated under conditions posing a "substantial risk of serious harm," and that prison officials had subjective knowledge of the risk, yet consciously disregarded it. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). Courts have routinely dismissed similar challenges to the lack of ladders in prisons upon determining that such a condition does not pose a serious risk of harm. *See Robinett v. Corr. Training Facility*, No. C 09-3845 SI (pr), 2010 WL 2867696, at *2 (N.D. Cal. July 20, 2010) (concluding on § 1915A review that a failure to provide a ladder to top bunk inmates does not satisfy objective or subjective prongs of an Eighth Amendment claim); *Brown v. Anderson*, C/A No. 6:09-2632-JFA-WMC, 2010 WL 199692, at *2 (D.S.C. Jan. 13, 2010) (finding no § 1983 deliberate-indifference cause of action for a claim that defendants failed to provide a safe way for plaintiff to get into six-foot high upper bunk); *Jones v. La. Dept.*

| STATEMENT |
|---|

*of Public Safety and Corr.*, No. 08-cv-1507, 2009 WL 1310940, *2 (W.D. La. May 11, 2009) (dismissing on § 1915A review a claim for a prisoner injured when his foot slipped on cell bars he had to climb to reach his upper bunk due to there being no ladder because such a condition did not satisfy objective prong of Eighth Amendment test); *Connolly v. County County of Suffolk*, 533 F. Supp. 2d 236, 241 (D. Mass. 2008) (absence of ladders for bunk beds did not amount to the deprivation of a minimal civilized measure of life's necessities). As held by these cases, Plaintiff's allegations about the lack of ladders for inmates with upper bunks at the Winnebago County Jail does not state a sufficiently serious jail condition to support a § 1983 claim.

With respect to Plaintiff's allegations about the medical attention he received following his fall from his upper bunk, Plaintiff also does not state a claim. To state a § 1983 claim, Plaintiff must allege facts demonstrating that: (1) he had an objectively serious medical condition, (2) the defendants knew of the condition, but deliberately provided inadequate treatment, and (3) the deliberate indifference caused an injury. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Plaintiff alleges the following. After he fell, "[t]he emergency button in the cell was pressed and officers and a nurse arrived and took me to a medical room where they applied a medical tape over the gash after the bleeding had slowed down." (R. 7, Amended Compl., 4.) He "was then moved to a medical unit and put on 'Head Awareness' over the weekend. During this weekend, a nurse came by only once a day to give me some aspirin and that was it." (*Id.*) Plaintiff states that he asked about "blood transfusions and x-rays, and they all told me the same thing, which was 'that I would be okay.'" (*Id.*)

Plaintiff's allegations show that he received immediate treatment and that he was monitored for at least a weekend for his head injury. At best, he alleges only disagreement with the treatment he received. He suggests that he should have been visited more than once a day and that he should have received more than bandages and aspirin. However, mere disagreement about the medical treatment an inmate receives does not state a claim of deliberate indifference. *See Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Although Plaintiff's requests for "blood transfusions and x-rays" were refused, (R. 7, Amended Compl., 4), "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Jackson v. Kotter*, 541 F.3d 688, 697-98 (7th Cir. 2008), *quoting Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Plaintiff also fails to allege that the purported deliberate indifference caused him any injury. Therefore, Plaintiff's allegations do not state a claim of deliberate indifference.

Accordingly, for the reasons stated above, Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A (a court must conduct a preliminary review of a complaint filed by an inmate and dismiss it if it fails to state a claim upon which relief may be granted). The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is advised that if a prisoner accumulates three strikes, i.e., three federal cases or appeals are dismissed as frivolous, malicious, or for failure to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *See* § 1915(g).